IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael J. Hampton,<br><br>        Defendant-Petitioner<br><br>   v.<br><br>United States of America,<br><br>        Plaintiff-Respondent. | Cr. No. 3:07-1517-CMC<br><br>**Opinion and Order** |

      Defendant, through his attorney, seeks relief pursuant to 28 U.S.C. § 2255. ECF No. 225. The Government filed a motion to dismiss or for summary judgment, as well as a memorandum in support. ECF No. 227. On June 27, 2016, Defendant filed a reply memorandum. ECF No. 229. The Government filed a response in support of its motion for summary judgment on June 30, 2016. ECF No. 230. Defendant filed a reply to that response on July 5, 2016. ECF No. 231.

**I.    Background**

      On December 18, 2007, Defendant was indicted for felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). ECF No. 1. On September 19, 2008, the Government filed an Information notifying Defendant that he had four prior convictions that subjected him to enhanced penalties under 18 U.S.C. § 924(e). ECF No. 65. Defendant went to trial and was found guilty of felon in possession. ECF No. 99.

      A Pre-Sentence Report (PSR) concluded Defendant was an armed career criminal under the Armed Career Criminal Act ("ACCA") and faced a mandatory minimum term of imprisonment of fifteen (15) years and a maximum term of life imprisonment. The PSR found that Defendant's prior convictions for Possession with Intent to Distribute Cocaine (1999), failure to stop for police

vehicle, assault on a police officer, assault and battery of a high and aggravated nature ("ABHAN"), and Distribution of Cocaine (2003) qualified as predicate convictions for ACCA purposes. *See* ECF No. 119, PSR ¶¶ 19, 20, 22, 23.

Defense counsel objected to the possession with intent to distribute being considered as a predicate for ACCA because the requirement of a ten year sentence for a serious drug offense was not applicable. ECF No. 115-1. Counsel also objected to the conviction for failure to stop for a police vehicle serving as a predicate for the ACCA. *Id.* In addition, Defendant filed *pro se* objections to each of his identified previous convictions counting as predicates for the ACCA. ECF Nos. 113, 114. The Probation Officer noted that, under current law, the convictions remained predicate offenses for ACCA purposes. ECF No. 115-1.

On May 12, 2009, Defendant appeared for sentencing. The court overruled Defendant's objections to the PSR, but varied from the guideline range of 324-405 after defendant "argued the 4 level enhancement pursuant to § 2K2.1 (b)(6) in paragraph 40 and the 6 level enhancement pursuant to § 3A1.2 in paragraph 42 were unduly harsh in this case as both enhancements arose out of the same conduct." ECF No. 121. Defendant was sentenced to 300 months' imprisonment and five years' supervised release. Defendant appealed his conviction and sentence, arguing that the district court erred in denying his motion to suppress, and that the court erred in calculating his guideline range because of impermissible double counting. Defendant's conviction and sentence were affirmed by the Fourth Circuit on December 16, 2010. ECF No. 186.

Defendant filed a §2255 motion on March 5, 2012, arguing that his counsel was ineffective (at trial and on appeal) and that he was actually innocent of being an armed career criminal, as none of his prior convictions should have qualified as ACCA predicates. ECF No. 190. The court

2

determined that, even if one of Defendant's convictions (failure to stop for a blue light ("FTSBL")) could no longer qualify as a "violent felony" after *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010), and another (ABHAN) was questionable, Defendant had sufficient other predicate convictions to qualify as an Armed Career Criminal. ECF No. 208. The court granted the Government's motion for summary judgment and dismissed Defendant's § 2255 motion with prejudice. *Id.*

Defendant filed a *pro se* motion for relief from judgment, requesting reconsideration of his § 2255 motion. ECF No. 211. The court denied this motion on September 13, 2012. ECF No. 212.

On November 13, 2012, Defendant filed a notice of appeal on his § 2255 motion and a motion for certificate of appealability. ECF Nos. 214, 215. The Fourth Circuit denied a certificate of appealability and dismissed the appeal, finding that Defendant did not make the requisite showing for a certificate of appealability. ECF No. 222.

Prior to filing the instant motion, Defendant filed a § 2244 motion with the Fourth Circuit. No. 16-664. On May 31, 2016, he received permission to file a second or successive motion under § 2255. ECF No. 224. The instant motion under § 2255 was filed the same day. ECF No. 225.

**II.    The ACCA**

A conviction for felon in possession typically carries a statutory maximum sentence of ten years in prison. *See* 18 U.S.C. § 924(a)(2). However, if the accused has three or more previous convictions for certain types of felonies, he is subject to an enhanced minimum sentence of fifteen years imprisonment with a maximum term of life imprisonment. Title 18 U.S.C. § 924(e)(1) provides:

3

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

As is relevant to this case, the statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). The first clause, § 924(e)(2)(B)(i), is typically referred to as the "use of force" clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another."). The first part of the second clause, § 924(e)(2)(B)(ii), lists specific offenses – burglary, arson, extortion, offenses involving use of explosives – and is commonly denoted the "enumerated offense" clause. Finally, the portion of § 924(e)(2)(B)(ii) covering a conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is generally referred to as the "residual clause."

### III.    *Johnson* **and** *Welch*

On June 26, 2015, the Supreme Court held that the residual clause of the ACCA violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson v. United States*, 576 U.S. __, __, 135 S. Ct. 2551, 2557 (2015). By holding the residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The residual clause can no longer support a defendant's classification as an armed career criminal.

4

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. \_\_, 136 S. Ct. 1257 (2016), which held that the newly established right recognized in *Johnson* is retroactive to cases on collateral review, such as Defendant's case. Therefore, Defendant's § 2255 motion, filed within one year of the *Johnson* decision, is timely[1] and ripe for resolution.

    *a. ACCA Discussion*

At the time of his sentencing, Defendant had five predicate convictions which served to qualify him for the ACCA enhancement: Possession with Intent to Distribute Cocaine (1999), FTSBL, assault on a police officer, assault and battery of a high and aggravated nature ("ABHAN"), and Distribution of Cocaine (2003). *See* ECF No. 119, PSR ¶¶ 19, 20, 22, 23.

Since Defendant was sentenced, the Fourth Circuit has decided, and the Government now concedes, that FTSBL and ABHAN no longer qualify as ACCA predicate offenses. *See United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010) (holding that FTSBL is no longer a predicate offense for the ACCA); *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013) (holding that ABHAN

---

[1] "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."
28 U.S.C. § 2255(f)(1)-(3). Due to *Welch*, § 2255(f)(3) is applicable to *Johnson* cases on collateral review, and defendants had until June 26, 2016 to file. Defendant filed his motion on May 31, 2016.

is no longer a predicate offense for the ACCA). Therefore, the issue at hand is whether the resisting arrest with assault on an officer conviction qualifies as an ACCA predicate conviction under the force clause, or only qualified under the now-defunct residual clause, in which case Defendant is no longer an armed career criminal.

In order to decide whether Defendant's conviction qualifies under the ACCA force clause, this court must determine whether resisting arrest with assault on an officer "has as an element the use, attempted use, or threatened use of physical force against the person of another." §924(e)(2)(B).

       i. Divisibility

A threshold question to be dealt with in conjunction with the violent felony analysis is that of divisibility. Statute divisibility depends on whether disjunctive language serves to create alternative elements by which the crime may be committed, or merely sets forth alternative means of satisfying a single element. *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243, 2249 (2016). If the South Carolina statute at issue is not divisible, then the categorical approach will determine whether the violent felony standard is satisfied by the least culpable conduct criminalized by the statute. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012) ("To determine whether a prior state conviction constitutes a predicate crime of violence justifying an enhanced federal sentence, we generally follow the categorical approach.").[2] If the statute is divisible, then the court

---

[2] Although *Torres-Miguel* considered a sentence enhancement under the illegal reentry guideline, instead of the ACCA, the Fourth Circuit considers interpretations of that enhancement controlling when considering the ACCA "because the language of the force clause in the Armed Career Criminal Act and the reentry guideline is identical, and we have previously relied on case law

is to use the modified categorical approach and may examine approved "*Shepard*" documents to determine the statutory alternative under which a defendant was actually convicted. *Descamps v. United States*, 570 U.S. __, __, 133 S.Ct. 2276, 2283 (2013).

The statute under which Defendant was convicted, S.C. Code § 16-9-320(B), states as follows:

> (B) It is unlawful for a person to knowingly and willfully assault, beat, or wound a law enforcement officer engaged in serving, executing, or attempting to serve or execute a legal writ or process or to assault, beat, or wound an officer when the person is resisting an arrest being made by one whom the person knows or reasonably should know is a law enforcement officer, whether under process or not. A person who violates the provisions of this subsection is guilty of a felony and, upon conviction, must be fined not less than one thousand dollars nor more than ten thousand dollars or imprisoned not more than ten years, or both.

While the text of the statute contains several disjunctive phrases, the jury need not determine whether a defendant assaulted, beat, or wounded a law enforcement officer. These are simply alternative means by which one can commit the crime. *See State v. Tyndall*, 518 S.E.2d 278, 284 (S.C. Ct. App. 1999) ("The offense of resisting arrest requires proof that a person knowingly and wilfully assaulted, beat or wounded a law enforcement officer during an arrest when the person resisting knew or should have known the officer was a law enforcement officer."); *State v. Middleton*, 755 S.E.2d 432, 435 (S.C. 2014) (reasoning in an assault and battery case that "[t]he word 'or' used in a statute, is a disjunctive particle that marks an alternative. The word 'or' used in a statute imports choice between two alternatives and as ordinarily used, means one or the other of two, but not both." (citing *Brewer v. Brewer*, 129 S.E. 2d 736, 738 (S.C. 1963)));

---

construing one provision as helpful in construing the other." *United States v. Aparacio-Soria*, 740 F.3d 153, 154 (4th Cir. 2014).

7

*Hemingway*, 734 F.3d at 335 ("Because [assault and battery of a high and aggravated nature ("ABHAN")], as defined by the court of South Carolina, does not concern any list of alternative elements, the modified categorical approach has no role to play." (citations omitted))[3].

Therefore, subsection (B) is not divisible, and only the categorical approach may be used to determine whether § 16-9-320(B) is a violent felony under the force clause of the ACCA**.**

        ii.   Violent Felony

Having determined the categorical approach applies, the court must now determine "whether the conduct criminalized by the statute, including the most innocent conduct, qualifies" as a violent felony. *Torres-Miguel*, 701 F.3d at 167. The force clause of the ACCA applies to an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). As defined by the Supreme Court, "the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson 2010*"). Therefore, the "most innocent conduct" criminalized under § 16-9-320(B) must require the use of violent physical force - "unwanted touching" or slight intentional physical contact is not sufficient. *See id.* at 139.

The statute under which Defendant was convicted requires "proof that a person knowingly and willfully assaulted, beat or wounded a law enforcement officer during an arrest when the

---

[3] Although *Hemingway* considered common law ABHAN (as the defendant was convicted before ABHAN was codified in 2010), common law offenses are treated the same as statutory offenses for divisibility purposes. *Hemingway*, 734 F.3d at 331-32 ("There is simply no material distinction that can be made between common law and statutory offenses [in the context of divisibility]. . . [T]he modified categorical approach has no role to play where the previous crime was an indivisible common law offense.")

8

person resisting knew or should have known the officer was a law enforcement officer." *Tyndall*, 518 S.E.2d at 284. While beating or wounding an officer may satisfy the violent physical force requirement, the "most innocent conduct" of assaulting the officer may not qualify.

This court is not aware of any court that has considered whether South Carolina Code § 16-9-320(B) qualifies as an ACCA predicate offense under the force clause.

> In evaluating a state conviction for ACCA predicate offense purposes, a federal court is bound by the [state supreme court's] interpretation of state law, including its determination of the elements of the potential predicate offense. . . .In multiple instances, state criminal statutes define offenses by reference to the common law, leaving reviewing courts to fill in the essential elements.

*Hemingway*, 734 F.3d at 332. The South Carolina statute at issue has as an element "assaulting, beating, or wounding" a law enforcement officer. As precedent from South Carolina courts makes clear, assault in South Carolina does not require the "violent physical force" necessary to satisfy the *Johnson 2010* definition of force. In fact, the South Carolina Supreme Court has held that assault does not require contact between the victim and the perpetrator. *Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. 2008); *see also State v. Sutton*, 532 S.E.2d 283, 285 (S.C. 2000) ("[T]he Court has on at least two occasions defined an assault as placing another in apprehension of harm."); *State v. Mims*, 335 S.E.2d 237 (S.C. 1985) ("Assault. . . differs from assault and battery in that there is no touching of the victim.").[4] Though not required by § 16-9-320(B), even assault and battery, as

---

[4] The Government has submitted, in support of its motion to dismiss/for summary judgment, a 2009 South Carolina Attorney General's Opinion regarding the type of conduct a defendant might undertake and which section of § 16-9-320 with which he should be charged. However, this opinion does not purport to cover all scenarios that may occur for each of the two sections of the statute, but merely differentiates between actions that would qualify under subsection (A) versus subsection (B). Therefore, it is not persuasive in determining whether a violation of § 16-9-320(B) qualifies as an ACCA predicate.

9

defined in South Carolina law, does not meet the requirement of violent physical force, as it can be committed with "any touching of the person in a rude or angry manner, without justification." *State v. LaCoste*, 553 S.E.2d 464, 471 (S.C. Ct. App. 2001); *see also Mellen*, 659 S.E.2d at 245 ("Physical injury is not an element of battery. While there must be a touching, any forcible contact, irrespective of its degree, will suffice.").

Decisions regarding similar statutes are instructive in applying the South Carolina definitions of assault or assault and battery and determining whether § 16-9-320(B) has as an element the use, attempted use, or threatened use of physical force against the person of another. Federal courts to consider South Carolina common law assault have noted that, because assault can be committed without any physical contact, and assault and battery is satisfied by any "offensive touching" or slight physical contact, offenses with an element of assault or assault and battery cannot qualify as predicate offenses under the ACCA force clause. *See, e.g.*, *Hemingway*, 734 F.3d at 335 (noting, as to South Carolina common law offense of ABHAN, that the Government "properly concede[d]" that *Johnson 2010* "precludes reliance on the force clause to count ABHAN as an ACCA predicate offense because ABHAN can be committed even if no real force was used against the victim."); *United States v. Montez-Flores*, 736 F.3d 357, 369 (4th Cir. 2013) (addressing the identically worded force clause of the illegal re-entry guideline on direct appeal, and holding, as to South Carolina ABHAN, "[b]ecause ABHAN can be committed with or without force – and even when force is involved, ABHAN can be committed in a violent or nonviolent manner – a conviction for ABHAN is not categorically for a crime of violence."); *United States v. Jones*, 114 F.Supp.3d 310, 320-21 (D.S.C. 2015) (holding that a South Carolina statute addressing assault on a correctional officer is not a qualifying offense under the ACCA

10

force clause because it requires only physical contact, and not violent force as defined in *Johnson 2010*).

An assault statute similar to § 16-9-320(B) was noted by the Fourth Circuit ineligible to count as a "crime of violence" under the force clause of the career offender guideline. In *United States v. Carthorne*, the Fourth Circuit examined a Virginia statute criminalizing assault and battery of a police officer ("ABPO"). 726 F.3d 503 (4th Cir. 2013). Although that case dealt with a defendant's categorization as a career offender, instead of under the ACCA, the career offender guideline's force and residual clauses at that time mirrored those of the ACCA.[5] The Virginia statute provided that any person who 1) commits an assault or an assault and battery against another, 2) knowing or having reason to know that such other person is. . . a law enforcement officer, 3) engaged in the performance of his public duties shall be guilty of a felony. *Id.* at 512. Importantly, the Government conceded the Virginia ABPO statute "did not have as an element of the offense the use, attempted use, or threatened use of physical force against the person of another," and so could not qualify as a predicate offense under the career offender force clause. *Id.* at 510. The Ninth and Eleventh Circuits have also noted that assault and battery on an officer statutes do not meet the force clause. *See United States. v. Lee*, 821 F.3d 1124 (9th Cir. 2014)

---

[5] *Carthorne*, 726 F.3d at 511 ("We rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), as the two terms are defined in a substantively identical manner.") (citations omitted).

11

(noting the Government did not contend that a California statute prohibiting "knowingly resist[ing], by the use of force or violence, the officer, in the performance of his or her duty" met the force clause of the career offender guideline); *Rozier v. United States*, 701 F.3d 681, 685 (11th Cir. 2012) (noting its previous finding that a defendant's conviction for "battery of a law enforcement officer" only qualified as a predicate under the residual clause of the career offender guideline, as that offense "may be committed without actual violence.").

The Fourth Circuit considered the Maryland resisting arrest by force statute, *en banc*, in the context of the illegal re-entry guideline. *Aparacio-Soria*, 740 F.3d 153. This Maryland statute required that a defendant resist arrest "by force." *Id.* at 155. The court reasoned that *Johnson 2010's* definition of physical force "specifically excludes from consideration 'the slightest offensive touching.'" *Id.* Therefore, the court found that Maryland's resist by force statute did not "contain as an element the use, attempted use, or threatened use of violent force capable of causing physical pain or injury against another person," because "the force required for conviction pursuant to the Maryland resisting arrest statute is merely 'offensive physical contact.'" *Id.*

The South Carolina offense codified in § 16-9-320(B) is similar to South Carolina ABHAN and the Virginia and Maryland statutes all found by the Fourth Circuit not to qualify as predicate offenses under the various force clauses. South Carolina case law makes it clear that an assault may be committed without the application of violent physical force. The Fourth Circuit consistently holds, under *Johnson 2010*, that this is insufficient force to qualify as a "violent felony" or "crime of violence" under a force clause. Therefore, this court cannot say that the most innocent conduct criminalized by the statute has as an element the use, attempted use, or threatened use of physical force against the person of another.

12

South Carolina Code § 16-9-320(B) does not have an element of violent physical force, and as such cannot be classified as a predicate offense under the force clause of the ACCA. Accordingly, § 16-9-320(B) could only have counted as an ACCA predicate under the now-unconstitutional residual clause. As a result, it can no longer serve as a predicate offense for the ACCA.

IV.   **Conclusion**

As Defendant no longer has the requisite three predicate convictions, he is not an Armed Career Criminal and is entitled to be resentenced. The court grants Defendant's motion for relief under § 2255, and denies the Government's motion to dismiss or for summary judgment. The Judgment Order as to Michael J. Hampton in CR 3:07-1517 filed May 14, 2009 is hereby vacated, and this matter is set for resentencing on October 18, 2016 at 2:30pm.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 8, 2016

13